[983 NE2d 768, 959 NYS2d 689]

In the Matter of GEORGE A. AMEDORE, JR., Appellant-Respondent, v GREGORY PETERSON, Respondent, and CECILIA F. TKACZYK, Respondent-Appellant, et al., Respondents. (And Another Proceeding.)

Decided January 16, 2013

**APPEARANCES OF COUNSEL**

*Lewis & Fiore*, New York City (*David L. Lewis* of counsel), for appellant-respondent.

*Law Office of James E. Long Esq.*, Albany (*James E. Long* of counsel), for Cecilia F. Tkaczyk, respondent-appellant.

*Lanny E. Walter*, Saugerties, for Barbara Bravo and another, respondents.

**OPINION OF THE COURT**

Appellant-respondent having moved for leave to appeal to the Court of Appeals and for a stay in the above causes; and respondent-appellant having moved for leave to appeal to the Court of Appeals in the above causes; upon the papers filed and due deliberation, it is ordered, that the motions for leave to appeal are denied; and it is further ordered, that the motion for a stay is dismissed as academic.

Concur: Chief Judge LIPPMAN and Judges READ, SMITH and PIGOTT. Judge GRAFFEO dissents in an opinion.

GRAFFEO, J. (dissenting). This case presents a significant issue of statutory interpretation that should be resolved by our Court. Under the current Election Law, we do not have early voting in New York. Every voter must appear at a designated polling place to cast a vote on election day unless the voter falls into one of the few narrow categories for whom alternative voting methods are permitted by statute. We have traditionally required strict compliance with these procedures, even when an inadvertent error by a board of elections has proved detrimental to the voter (*see Matter of Gross v Albany County Bd. of Elections*, 3 NY3d 251 [2004]).

This case involves a particular alternative voting method—the use of special ballots by poll workers. Their use is governed by Election Law § 11-302, which provides:

> "The board of elections shall provide such voter a special ballot not earlier than two weeks before the election and not later than the close of the polls on election day. Such cast ballots may be delivered to an office of such board of elections or to any board of inspectors not later than the close of the polls on election day."

Since the statute precludes a board of elections from supplying a special ballot to a poll worker more than two weeks before election day and then directs that the ballot be cast no later than the close of the polls, a strong argument can be made that the statute requires special ballots to be cast no earlier than the two weeks preceding the election. Yet, here, where special ballots were both given to poll workers and cast more than two weeks prior to the election, the Appellate Division concluded that there was no violation of the Election Law, thereby allowing the votes to be canvassed.

I appreciate that a violation of the Election Law is not dispositive of whether a vote will be counted and, if an error occurred in this case, it is attributable to the board of elections that distributed the special ballots. But we have said in the context of absentee balloting that an exception to statutory compliance that would permit the canvassing of ballots in contravention of the Election Law whenever a voter reasonably relies on the actions of a board of elections, "would swallow the rule, effectively relieving election officials of their obligation to adhere to the law" (*Gross*, 3 NY3d at 260). Here, because the lower courts reached contrary conclusions regarding the proper interpretation of Election Law § 11-302, I believe further appellate review is warranted.